IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY LAGRONE                                                                                            PLAINTIFF

vs.                                         CASE NO. 5:04CV00369GH

STANT MANUFACTURING, INC.                                                              DEFENDANT

## ORDER

Pending before the Court is plaintiff's motion to compel discovery. Plaintiff requests that defendant produce a copy of the Affirmative Action Plan (AAP) in effect in 2004 and a copy of its current balance sheet showing its net worth. Defendant objects to producing the AAP and to producing a balance sheet for other than defendant's Pine Bluff location.

With regard to the AAP, defendant argues that it is not relevant and falls within the self-critical analysis privilege. Affirmative action plans are relevant when racial discrimination in a promotion decision is claimed. *See Gatewood v. Stone Container Corp.*, 170 F. R D. 455, 459 (S. D. Iowa 1996)

There is no strong precedent in the courts in the Eighth Circuit for application of the self-critical analysis privilege. Judge Bennett, then sitting as a Magistrate Judge, found that the self-critical analysis privilege did not apply in the employment discrimination context so as to shield from disclosure those documents prepared by the employer in compliance with federal equal employment opportunity laws. *Tharp v. Sivyer Steel Corp.*, 149 F. R. D. 177 (S. D. Iowa 1993). Magistrate Judge Walters refused to take a categorical approach in *Gatewood*, instead balancing the interests of a litigant's right to discover relevant information versus the harm which might result from disclosure. In that case, the court offered to review *in camera* the items claimed by defendant to be a self-critical analysis or evaluation in which the public interest would be harmed by disclosure. 170 F.R.D. at 459.

Judge Gaitan in *West v. Marion Laboratories, Inc.*, 1991 WL 51730 (W. D. Mo.

1991) noted that a number of courts have held affirmative action plans discoverable and he granted plaintiff's motion to compel discovery of the AAP. *See also Capellupo v. FMC Corp.*, 1988 WL 41398 (D. Minn. 1988) (self-critical analysis privilege rejected and defendant ordered to produce affirmative action plans).

In a case brought by policyholders against an insurance company and agent for fraud, Magistrate Judge Jarvey found that a report prepared to help manage risk within the defendant's organization and to find weaknesses in its internal workings was not subject to a "self-critical analysis privilege." *LeClere v. Mut. Trust Life Ins. Co.*, 2000 WL 34027973 (N.D. Iowa 2000). The court noted that the Eighth Circuit had not directly addressed the self-critical analysis privilege and surmised that the Eighth Circuit would not ultimately recognize such a privilege. *Id.* at *3.

It appears that the trend is toward not recognizing a self-critical analysis privilege, particularly in the employment discrimination context. The information is relevant . The Court has weighed the factors and is not persuaded that factors in favor of nondisclosure outweigh the factors favoring disclosure. In particular, the Court agrees with the court's reasoning in *Tharp* as to why the self-critical analysis privilege should not be recognized in the field of employment discrimination litigation.

> First, the court doubts that permitting plaintiffs in employment discrimination actions from discovering such reports as affirmative action plans or other equal employment compliance documents will have a "chilling" affect upon employers' self-evaluations or discourage employers from frank reflection in those reports required by the federal government. . . . Second, the court looks to the importance private civil litigation plays as the catalyst for change and enforcement in the area of equal employment opportunity, and the need for discovery of such materials if that litigation is to achieve its purpose.

149 F. R .D. at 182 (citations omitted).

Thus, the Court finds that defendant should produce the AAP in effect in 2004.

With regard to the balance sheet/financial information defendant argues that it is not a single entity, but has facilities around the world that operate as separate legal entities. It has attached a copy of the Annual Review for the corporation, which

contains an overview of defendant's corporate-wide financial goals and status. Defendant has agreed to provide the balance sheet and financial documents of the Pine Bluff location.

The Court is persuaded that the information concerning the Pine Bluff location along with the information contained in the Annual Review are sufficient for a jury to determine an award of punitive damages. Furthermore, should plaintiff establish at trial a basis for obtaining additional corporate financial information, he can renew his request.

Also pending before the Court is plaintiff's motion for leave to amend his complaint. Plaintiff seeks to add a failure to promote claim with regard to vacancies in November 2003 and in July 2004. He also seeks to add a retaliation claim for defendant's action on August 25, 2005 in terminating plaintiff and then later recalling him to work.

Defendant objects, stating that plaintiff's retaliation claim fails as a matter of law because he has failed to allege that he has suffered an adverse employment action. According to defendant, plaintiff did not suffer any wage loss. Plaintiff has not disputed this. Defendant also contends that it would be unduly prejudiced by the addition of new promotion claims.

Plaintiff's complaint, filed on October 18, 2004, alleged race discrimination with regard to a June 2004 promotion. On December 23, 2004, plaintiff filed a motion for leave to amend his complaint, adding a retaliation claim alleging that defendant had assigned attendance demerits to plaintiff's record, refused to pay him for an excused leave, assigned him twice as much work as others in his department and assigned him to work full time on two machines which exposed him to a safety hazard. Defendant did not object to the request to amend and the Court entered an Order granting plaintiff's motion on January 19, 2005.

The Court issued its final scheduling order on February 23, 2005, setting a

discovery deadline of July 8, 2005, and the jury trial for the week of February 6, 2006. Defendant states that the parties have conducted extensive discovery, including taking the depositions of plaintiff, as well as current and former employees. Defendant argues that to add new issues at this late date will require defendant to engage in additional discovery.

Plaintiff has not indicated why he did not raise the November 2003 promotion claims until this late date. It is clear that he knew of the vacancies and had even applied for a position as Maintenance Technician   Nevertheless, while the deadline for discovery has passed, the deadline for amending pleadings has not. The Court is not persuaded that defendant will be unduly prejudiced by granting plaintiff leave to amend his complaint to allege discrimination with regard to the earlier vacancies. Defendant states that a number of witnesses have already been questioned about the earlier vacancies. Furthermore, the Court will extend the discovery deadline to November 14, 2005, to allow the parties to conduct additional discovery on the new claim.

With regard to plaintiff's retaliation claim, plaintiff has failed to identify an adverse action. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Sallis v. Univ. of Minnesota*, 408 F. 3d 470, 476 (8th Cir. 2005). See *Ledergerber v. Strangler*, 122 F. 3d 1142, 1144-45 (8th Cir. 1997) (no adverse employment action where employee experienced no change in salary benefits or responsibilities).

Accordingly, the motion to compel is granted in part and denied in part. The motion for leave to amend/correct is granted in part and denied in part. Plaintiff shall file his amended complaint in accordance with this Order within five days of the entry of this Order.

IT IS SO ORDERED this 23rd day of September, 2005.

/s/ George Howard, Jr.
_____
UNITED STATES DISTRICT JUDGE