IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY LAGRONE                                                                                      PLAINTIFF

vs.                                        CASE NO. **5:04CV00369GH**

STANT MANUFACTURING, INC.                                                               DEFENDANT

## **ORDER**

Pending before the Court are plaintiff's second motion in limine and objection to defendant's exhibit list and defendant's motion in limine and objections to exhibits.

Plaintiff objects to introduction of documents regarding plaintiff's EEOC Charge of Discrimination. Plaintiff also objects to defendant calling certain witnesses, in particular Irene Trimble, Henry Derrick, Kevin McEntire, and Seth Garrison. Plaintiff also contends that the Court should exclude certain exhibits because defendant failed to notify plaintiff of the exhibits sufficiently in advance of trial. Defendant objects to the introduction by plaintiff of previously undisclosed exhibits.

Defendant states that it intends to offer in evidence the Charge of Discrimination and the Dismissal and Notice of Rights, arguing that such documents are relevant. Plaintiff counters that he was not represented at the time he filed his EEOC Charge which incorrectly states that plaintiff was a Maintenance Technician prior to 2005. With regard to the Notice of Dismissal, plaintiff states that the EEOC never conducted an investigation. Indeed, the EEOC issued the Dismissal and Right to Sue two days after the charge was filed.

The EEOC statement might be relevant to the issue of witness credibility. *Weyers v. Lear Operations Corp.*, 359 F. 3d 1049, 1054 (8th Cir. 2004). Here, the Court is not persuaded that the prejudicial effect of admitting the EEOC Charge outweighs its probative value. Thus, the motion in limine with regard to the EEOC charge is denied.

Admissibility of the EEOC's determination is left to the Court's discretion. The Court must determine whether the prejudicial effect of admitting such information outweighs its

probative value. *Johnson v. Yellow Freight Sys., Inc.*, 734 F. 2d 1304, 1309 (8th Cir. 1984). Here, the EEOC's determination is of no probative value. Thus, the Court finds that the Dismissal and Notice of Rights is inadmissible.

Defendant has submitted the proffered testimony of the witnesses to which plaintiff objects. The Court cannot, at this time, find that the proffered testimony is irrelevant. The Court will be in a better position to determine the admissibility of the evidence at the time it is offered. Therefore, the motion in limine to exclude the witnesses is denied without prejudice to renew.

Plaintiff requests that the Court order defendant to serve an amended exhibit list specifying the documents it intends to offer. Defendant seeks to exclude previously undisclosed exhibits. As the trial was continued, counsel should have had ample opportunity to resolve the dispute regarding exhibits. The Court will deny the motions without prejudice to renew should the movant demonstrate that he or it was unduly prejudiced by the nondisclosure.

Accordingly, plaintiff's motion in limine is granted in part and denied in part; defendant's motion in limine is denied.

IT IS SO ORDERED this 8th day of March, 2007.

*/s/ George Howard, Jr.*
UNITED STATES DISTRICT JUDGE